# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| CAROL E. HEALY, <br><br> Plaintiff, <br><br> v. <br><br> GRAND AMERICA HOTEL and FNU GEONG, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:10cv1029 <br><br> District Judge Dee Benson <br><br> Magistrate Judge Paul M. Warner |

This case has been referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Carol E. Healy's ("Plaintiff") motion to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP statute") has been granted.[2] Plaintiff now moves the court for appointment of counsel.[3]

Plaintiff has no constitutional right to counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) ("We note that [the plaintiff], as a civil litigant, has no Sixth Amendment right to counsel."). "Rather, a court has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Id.*; *see also* 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, the court must consider certain factors, "including the merits of the

---

[1] *See* docket no. 6.

[2] *See* docket no. 2.

[3] *See* docket no. 4.

litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citation omitted).

The court will now consider those factors in relation to the instant case. First, it is not clear at this point whether Plaintiff's claims have merit. Whenever the court permits a party to proceed without the prepayment of fees under the IFP statute, the court is required to screen that party's complaint to determine whether it should be served upon the named defendants or dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). The court has not yet completed that screening process. Second, Plaintiff does not appear to be incapacitated such that she is unable to adequately function in pursuing this case. Third, the factual and legal issues raised by Plaintiff's claims do not appear to be particularly complex. *See Rucks*, 57 F.3d at 979. For those reasons, Plaintiffs' motion for appointment of counsel is **DENIED** at this time. If, however, as the matter develops, it appears that counsel may be necessary or of special help, the court will reconsider appointing an attorney to appear pro bono on Plaintiff's behalf.

**IT IS SO ORDERED**.

DATED this 2nd day of December, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge