IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAROL E. HEALY,<br><br>Plaintiff,<br><br>v.<br><br>GRAND AMERICA HOTEL, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:10-cv-1029-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Carol E. Healy ("Plaintiff") has been permitted to proceed in forma pauperis ("IFP") in this case under 28 U.S.C. § 1915 ("IFP statute").[2] The court also recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe her pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

**RELEVANT BACKGROUND**

On January 20, 2012, this court issued a memorandum decision and order, in which it addressed the sufficiency of Plaintiff's original complaint under the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). After liberally construing Plaintiff's complaint and

---

[1] *See* docket no. 6.

[2] *See* docket nos. 1, 2.

considering the proper legal standards, the court determined that Plaintiff had failed to provide sufficient, well-pleaded factual allegations to support her alleged claims for relief.  The court noted that Plaintiff's complaint included only a few allegations and that all of those allegations were conclusory in nature.

For those reasons, the court concluded that Plaintiff's complaint failed to state claims on which relief can be granted.  *See id*.  At the same time, however, the court recognized that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quotations and citation omitted).  Accordingly, the court provided Plaintiff with an opportunity to amend her complaint.  The court ordered Plaintiff to file an amended complaint on or before February 17, 2012.  Plaintiff was warned that failure to do so would result in a recommendation to Judge Benson that this case be dismissed.  On February 15, 2012, Plaintiff filed an amended complaint,[3] along with a motion for service of process.[4]

## ANALYSIS

In conducting the analysis below, the court will first address the sufficiency of Plaintiff's amended complaint under the authority of the IFP statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The court will then address Plaintiff's motion for service of process.

---

[3] *See* docket no. 10.

[4] *See* docket no. 11.

### I. Dismissal Under IFP Statute

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Bellmon*, 935 F.2d at 1110; *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se]

3

plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

Even when the court liberally construes Plaintiff's amended complaint, the court again concludes that Plaintiff has failed to provide any well-pleaded factual allegations to support her alleged cause of action. As with her original complaint, Plaintiff's amended complaint contains only a few conclusory statements and allegations, some of which are difficult to decipher.

For these reasons, the court concludes that Plaintiff's allegations do not "plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotations and citation omitted). Accordingly, the court concludes that Plaintiff's amended complaint should be dismissed under the IFP statute for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Motion for Service of Process

Because the court has concluded that Plaintiff's amended complaint should be dismissed, it logically follows that service of process is unnecessary. Therefore, Plaintiff's motion for service of process should be denied.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's amended complaint be **DISMISSED** under the IFP statute for failure to state a claim upon which relief can be granted. *See id*.

2. Plaintiff's motion for service of process[5] be **DENIED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See id*. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 23rd day of February, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 11.